HARDY, Judge.
This is a case in which plaintiff, an Illinois corporation domiciled at Chicago, seeks to recover judgment in the sum of $180 alleged to be the contract price for the insertion of defendant’s advertisement in a publication described as a classified Buyer’s Guide and known as the Independent Directory. Defendant, E. F. Morrow, dba. Morrow Neon Sign Company, a resident of Caddo Parish, Louisiana, resists plaintiff’s demands on the grounds that the order for the advertisement was deliberately designed by plaintiff to be misleading, as the consequence of which defendant believed that he was renewing an advertisement in the Shreveport Telephone Directory; that this misunderstanding was due to an error of fact, as the consequence of which there was no meeting of the minds, and, accordingly, no valid contract. Alternatively, defendant pleads that he received no benefit from the advertisement; that there was a lack and failure of consideration due to the fact that the publication was not distributed in a manner to benefit defendant, whose business is local, inasmuch as the publication purported to cover the Chicago district, the midwest and central states.
After trial in the City Court of Shreveport there was judgment in favor of plaintiff as prayed, from which defendant prosecutes this appeal.
Despite the voluminous nature of the record we think the questions here presented are exceedingly simple and that the pertinent facts are conclusively established.
Defendant received a copy of a contract authorizing the insertion of a two and one-half inch single column advertisement in the Independent Directory to which contract was affixed upon its face a copy of the ad purposed to be inserted. It is not disputed that the ad copy was obtained from the Shreveport Telephone Directory, but examination of the contract form is completely convincing as to the conclusion that there was no fraud nor deception practiced by plaintiff. The contract is plain, unambiguous and complete as to the nature of the publication, the extent and area of distribution and the rates of advertising. Additionally the contract bears the following plainly printed provision :
“Copy and Authorization Form
"Must Be Signed By Firm Member Or Authorized Agent
“Attached Copy appears in another publication and this form is not a renewal or proof but if signed and returned is an authorization to publish an advertisement in Our Directory. If further Information is Required — Please Write.”
Below the above provision appears the designated classification, space rate, copy and authorization properly signed by defendant.
The order was transmitted to and returned by the defendant through the United States mail. No error of fact has been established, and, under the plain wording of the contract we are at a loss to understand how defendant could have been under any misconception. Unfortunately for defendant’s contentions he has signally failed to establish any reasonable defense to or against plaintiff’s claim. If defendant indeed was in error it is obvious that the fault is chargeable to his own carelessness and not to the perpetration of any fraud on the part of the plaintiff.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.